```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF KENTUCKY
               NORTHERN DIVISION AT COVINGTON


CIVIL ACTION NO. 2:20cv149 (WOB-EBA)


LIGHTHOUSE TRANSPORTATION
SERVICES, LLC, ET AL.                              PLAINTIFFS

VS.              MEMORANDUM OPINION AND ORDER

US MELON, LLC, ET AL.                              DEFENDANTS
```

This matter is before the Court on defendants' motion to transfer or, alternatively, to dismiss for lack of personal jurisdiction or for failure to state a claim upon which relief may be granted. (Doc.8). The Court has reviewed this matter and concludes that oral argument is unnecessary.

### *Factual and Procedural Background*

**A. <u>The Parties' Agreements</u>**

Plaintiff Lighthouse Transportation Services, LLC ("Lighthouse") is a Kentucky corporation with its principal place of business in Covington, Kentucky. (Am. Compl. ¶ 1, Doc. 6). Lighthouse is a freight broker that provides nationwide logistics solutions. (*Id.*). Plaintiff Joe Myers ("Myers) is the President of Lighthouse.

Defendant US Melon, LLC ("US Melon") is a Florida corporation with its principal place of business in Oakland Park, Florida. (Doc. 8-2 at 1). US Melon is engaged in the business of buying and

selling wholesale quantities of fresh fruits and vegetables in interstate commerce. (Doc. 8-2 ¶ 4). Defendants Sheeyung Sung ("Sung") and Ken Kodish ("Kodish") are managers and/or members of US Melon.

On April 16, 2019, Lighthouse and US Melon entered into a "Subscription Agreement" that provided that Lighthouse would purchase 10 membership units in US Melon in exchange for providing: $125,000 cash; a $300,000 line of credit for general business purposes; and a $50,000 line of credit for transportation business. (Am. Compl. ¶ 11).

Plaintiffs allege that defendants Sung and Kodish knowingly made numerous fraudulent and intentional misrepresentations to induce Lighthouse into entering into the Agreement. (Am. Compl. ¶¶ 13-31).

The 2019 Subscription Agreement contains a forum selection clause, which states: **"The state and federal courts in and for Miami-Dade County, Florida, USA, shall have exclusive jurisdiction and venue with respect to any disputes arising hereunder, and the Parties hereby waive any objection to such jurisdiction and venue."** (Doc. 6-1 at 5) (bold added).

On July 16, 2020, the parties signed an Operating Agreement, which also contains a forum selection clause: **"The parties hereby agree that any legal action or proceeding shall be brought in the courts of Miami Dade County. The parties further agree to submit**

**to the jurisdiction of the State of Florida and consent to the service of process in accordance with applicable procedures and rules of said jurisdiction."** (Doc. 6-2 at 29) (bold added).

Plaintiffs allege that, since August 2020, Sung, Kodish and others have engaged in a pattern of intimidation, threats, blackmail, and extortion toward Plaintiffs. (Am. Compl. ¶¶ 33-34). These acts include filing baseless criminal actions against plaintiff Meyers in Georgia and Florida.

B. <u>Litigation</u>

On September 21, 2020, US Melon filed suit against Lighthouse and Meyers in the Southern District of Florida, alleging claims under the Perishable Agricultural Commodities Act ("PACA"), breach of the Operating Agreement, and breach of fiduciary duty. (Doc. 8-2). Specifically, US Melon alleged that Meyers caused US Melon to transfer funds to Lighthouse, and that those funds were PACA trust funds that were held in trust for US Melon's produce suppliers.

On October 6, 2020, Lighthouse filed suit against defendants in Kenton County, Kentucky, alleging claims for: (1) Fraud by Omission; (2) Fraudulent Inducement; (3) Violation of Kentucky Blue Sky Laws; (4) Violation of SEC Rule 10B-5; and (5) Breach of Fiduciary Duty. (Doc. 1-1). Defendants removed the case to this Court on October 16, 2020, and plaintiffs filed an Amended Complaint on October 22, 2020 adding claims for RICO/Civil Conspiracy and Fraudulent Misrepresentation. (Doc. 6).

3

Defendants have now filed a motion to transfer venue or, in the alternative, to dismiss. (Doc. 8).

## *Analysis*

### A. <u>Forum Selection Clause</u>

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Though a forum selection clause does not render a venue improper, a valid forum selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404 unless there are extraordinary circumstances. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

Here, the Subscription Agreement's forum selection clause, signed April 16, 2019, states, "The state and federal courts in and for Miami-Dade County, Florida, USA, shall have exclusive jurisdiction and venue with respect to any disputes arising hereunder, and the Parties hereby waive any objection to such jurisdiction and venue." (Doc. 6-1 at 5). Likewise, on July 16, 2020, the parties signed an Operating Agreement, which states, "The parties hereby agree that any legal action or proceeding shall be brought in the courts of Miami Dade County. The parties further agree to submit to the jurisdiction of the State of Florida […]" (Doc. 6-2 at 28). Thus, if these forum selection clauses are valid, they should be enforced.

4

Plaintiffs have the burden of showing that the forum selection clauses should not be enforced. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995). Likewise, the party opposing the forum selection clause must show fraud in the inclusion of the clause itself. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 722 (6th Cir. 2006)).

Here, though Plaintiffs Lighthouse and Myers have alleged fraud, they have not alleged that the forum selection clauses were signed due to misrepresentations about the clauses. Thus, these are valid and enforceable forum selection clauses. Likewise, there are no extraordinary circumstances to warrant a denial of transfer to the Southern District of Florida.

In addition, a forum selection clause may bind parties to a specific venue or a specific jurisdiction, and forum selection clauses are *prima facie* valid absent a showing of unreasonableness. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Forum selection clause likewise are interpreted under ordinary contract principles to analyze ambiguity, vagueness, and whether the clause is permissive. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009); *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012).

5

In *Gen Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095 (6th Cir. 1994), the Court held that a forum selection clause which stated that "all" disputes "shall" be adjudicated at a particular location was mandatory and enforceable. *Id.* at 1099 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2, 15 (1972)).

Here, the Subscription Agreement's forum selection clause states, "The state and federal courts in and for Miami-Dade County, Florida, USA, *shall* have exclusive jurisdiction and venue with respect to any disputes arising hereunder, and the Parties hereby waive any objection to such jurisdiction and venue." (Doc. 6-1 at 5). Likewise, the Operating Agreement provides, "The parties hereby agree that any legal action or proceeding *shall* be brought in the courts of Miami-Dade County. The parties further agree to submit to the jurisdiction of the State of Florida […]" (Doc. 6-2 at 28).

Like the clause in *Gen Elec. Co.*, both the Subscription and Operating Agreements' clauses state that the courts of Miami-Dade County, Florida "***shall***" have exclusive jurisdiction and venue. (Doc. 6-1 at 5); (Doc. 6-2 at 28). In addition, both forum selection clauses state that "***any***" dispute is subject to the agreements. (*Id.*).

Finally, there is no ambiguity in either forum selection clause. Under ordinary contract principles of interpretation and the agreement's plain language, "the courts of Miami-Dade County"

6

include federal courts in Miami-Dade County. No language in either agreement suggests that the proper venue is only a Florida state court.

Thus, since the parties entered into agreements with valid forum selection clauses, this action will be transferred to the Southern District of Florida. Any remaining issues raised in defendants' motion may be brought to the attention of the transferee court.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendants' motion to transfer (Doc.8) be, and is hereby, **GRANTED**. This case shall be **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**.

This 20th day of January 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge